## GEORGE CAMPBELL *v.* CITY OF PROVIDENCE.

The Supreme Court has power, under chapter 193, section 8, of the Revised Stat-
utes, to grant a new trial in the case of a criminal prosecution in the Municipal
or Police Court of the city of Providence.

Whether the owner of a hack who is personally without fault, can be held to
answer for a non observance of an ordinance directing him to have two lighted
lamps to his carriage when driving it in the night time, *query.* He certainly
cannot be so held when the hack is being used by some person not then acting
in his service, and without his knowledge or consent, as when the driver, being
in his employ as *day* driver, uses the hack for his own purposes, in the night
time, unauthorized by him and without his knowledge.

MOTION for a new trial of a complaint against the defendant
for a violation of an ordinance of the city of Providence, re-
quiring that hackney carriages while in use in the night time
shall carry two lighted lamps. The defendant having appealed
from a conviction in the Police Court of the city of Providence
to the Municipal Court of said city, the case was there tried
before the court sitting with a jury, at its February term, 1868,
and upon conviction, the defendant moved for a new trial, upon
the ground (with others not passed upon by the court) that the
court erred in its charge to the jury in said cause, in this, that
it charged the jury, that in case the defendant Campbell was
proved *to be the owner* of hack No. 31, seen on the night in ques-
tion on Wickenden street, with unlit lamps, in the ordinary
course of business, he was liable ; *unless he had given on that
night specific directions* not to use said hack. Whereas, the de-
fendant contended, admitting for the present purpose that the
relation of master and servant did subsist between the driver
and defendant at the time in question, that the question put to
the jury should have been, " whether at the time of the act com-
plained of, the servant was driving on his master's business and
with his authority."

*Thurston, Ripley & Co., for defendant, in support of the motion,*
cited *Mitchell and wife* v. *Crasweller and another,* 16 Eng. L. &
Eq. 448, (13 C. B. 237) ; *Patten* v. *Rea,* 40 Eng. L. & Eq. 329 ;

Campbell *v.* City of Providence.

*Church* v. *Mansfield,* 20 Conn. 284 ; *Hern* v. *Nichols,* 1 Salk 289 ; *Rex.* v. *Huggins,* 2 Lord Raymond, 1580 ; *Hipp* v. *The State,* 5 Blackf. 149.

*Parkhurst, for the city of Providence, contra.*

DURFEE, J. The evidence is quite clear, that the driver of the hack, being in the service of· the defendant simply as a *day* driver or employee, was not in his employment at the time of the alleged violation of the ordinance, but was using the hack for his own purposes, unauthorized by the defendant, and without his knowledge, and, so far as appears, without any personal negligence on his part. Even if the owner of a hack, who is personally without fault, can be held to answer for a non-observance of the ordinance by his servant while using the hack in such owner's service, (as to which we express no opinion,) we nevertheless think he cannot be so held when the hack is being used by some person not then acting in his service, and without his knowledge or consent. If this view of the law had been clearly presented to the jury by the judge of the Municipal Court, we think their verdict, upon the evidence which is reported to have been submitted to them, would have been different.

Section 6 of the ordinance under which the complaint was preferred, makes the *licensee* liable as owner, unless, upon the sale of his carriage, notice be given to the city-clerk, and the license delivered to him, but does not, in our opinion, impose any liability not imposed on the owner by other provisions.

The Revised Statutes, Chap. 193, section 8, give the Supreme Court " power, in their discretion, on the petition of the accused, to grant trials, or new trials, upon indictments or other criminal prosecutions in which a verdict or judgment shall have been rendered against such petitioner," &c. The language is broad enough to include a criminal prosecution in the Municipal or Police Court of this city, and we are not aware of any provision of the charter of the city, or of any statute, to limit its effect. We therefore think we have jurisdiction to entertain and grant this petition.

*New trial granted.*